UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
APR 10 2013
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  13-30028 |
| WILLIAM CAPUTO, | ) | Violations: 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1512(c)(2) |
| Defendant | ) | 26 U.S.C. § 7201 |

## INDICTMENT

### COUNT 1
(Conspiracy to Defraud the United States)

**THE GRAND JURY CHARGES**:

1. From on or about December 26, 2007, the exact date being unknown to the Grand Jury, and continuing thereafter through at least on or about January 1, 2013, in the Central District of Illinois and elsewhere,

**WILLIAM CAPUTO**,

defendant herein, along with persons known and unknown to the Grand Jury, did unlawfully, wilfully, and knowingly combine, conspire, confederate and agree together with each other and with other individuals both known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue: to wit, income taxes.

2. At all times material herein, Trophy Bowhunters of Illinois, Inc. (TBI), was a corporation licensed to do business in the State of Illinois. Its main place of business is in West-Central Illinois, in the Central District of Illinois. TBI is in the business of arranging and guiding hunting excursions for customers.

3. TBI was originally incorporated in 2002 by "Individual A" and one other person. In or about December, 2007, one-half of the corporation was sold to "Individual B." However, over the course of the next year, Individual B made it clear that he did not want to be listed as an owner or shareholder of TBI. WILLIAM CAPUTO and Individual A agreed to omit any reference to the ownership of Individual B in the records created for TBI, including on income tax returns.

4. At the time of the sale to Individual B, WILLIAM CAPUTO became the person most responsible for keeping track of the books, records and receipts of TBI. Among other duties, WILLIAM CAPUTO was the person responsible for scheduling and arranging hunts, securing deposits for the hunts, receiving payments from the customers, and paying any costs associated with the hunting operation. In December, 2007, WILLIAM CAPUTO opened a bank account at the National City Bank. WILLIAM CAPUTO, his wife, and Individual A had signing authority on this account. In 2010, a bank account for TBI was opened by WILLIAM CAPUTO at the First Niagara Bank. Only WILLIAM CAPUTO and his wife have signing authority on this account.

5. In carrying out his responsibilities with TBI, WILLIAM CAPUTO created records that he provided to Individual B showing income and expenses for TBI. WILLIAM CAPUTO

also made payments of some TBI profits to both Individual A and Individual B, and to others at Individual B's direction.

6.  For each of the years 2008, 2009 and 2010, WILLIAM CAPUTO created, or caused to be created, records, such as spreadsheets and expense lists, which were provided to the tax return preparer by WILLIAM CAPUTO for TBI. This tax return preparer, who worked and resided in the State of Virginia, dealt only with WILLIAM CAPUTO and his wife when preparing the tax returns, K-1 shareholder schedules, and related documents regarding TBI. In doing so, he relied on WILLIAM CAPUTO to provide him with all relevant information and documents regarding the income and expenses of TBI to prepare accurate returns and related documents.

7.  For at least the tax years 2008 through 2010, WILLIAM CAPUTO, Individual A and Individual B agreed to withhold relevant information from the tax preparer, and to present the tax preparer with false documentation to disguise and cover up the ownership interests of Individual B.

8.  In or around the year 2011, the Internal Revenue Service began an inquiry into TBI. WILLIAM CAPUTO, Individual A and Individual B agreed to withhold relevant information from the Internal Revenue Service agents to mislead them as to the ownership of TBI and the full amount of the taxable income.

9.  In furtherance of the conspiracy and to effect its objects,

**WILLIAM CAPUTO,**

defendant herein, along with persons known and unknown to the Grand Jury, committed one or more of the following overt acts:

## OVERT ACTS

10. For each of the years 2008, 2009 and 2010, WILLIAM CAPUTO diverted cash payments made by customers of TBI to himself, and to others without reporting the diverted cash to the tax return preparer of the Internal Revenue Service.

11. WILLIAM CAPUTO falsely represented to the tax preparer that all income received by TBI was deposited into the TBI bank account.

12. WILLIAM CAPUTO made payments to Individual A and Individual B throughout the tax years 2008 through 2010. Nevertheless, he only reported the payments made to Individual A to the tax preparer, and withheld from the preparer the fact that there was a second owner of TBI.

13. When representatives of the Internal Revenue Service began asking about TBI, WILLIAM CAPUTO withheld and destroyed records.

14. On or about April 12, 2012, WILLIAM CAPUTO made material misrepresentations to agents of the Internal Revenue Service regarding his activities related to TBI and the ownership of TBI.

All in violation of Title 18, United States Code, Sections 371 and 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 2
### (Income Tax Evasion)

1. During the calendar year 2008, WILLIAM CAPUTO agreed to maintain, and maintained books, records, receipts and other documents showing the income received and expenses incurred by himself and others on behalf of TBI. Additionally, WILLIAM CAPUTO made payments to both Individual A and Individual B, as well as to himself, on behalf of TBI.

2. Despite the knowledge of the ownership of TBI, the income of TBI and the payments made on behalf of TBI, WILLIAM CAPUTO nevertheless provided false documentation to a tax return preparer, who used this false information to create the income tax return, Form 1120S, for TBI.

3. On or about April 15, 2009, in the Central District of Illinois and elsewhere,

**WILLIAM CAPUTO,**

defendant herein, who was the Secretary/Business Manager for Trophy Bowhunters of Illinois, Inc., an "S corporation," did willfully attempt to evade and defeat a large part of the income tax due and owing by the S corporation's shareholders to the United States of America for the calendar year 2008, by preparing and causing to be prepared, signing and by causing to be signed, a false and fraudulent U.S. Income Tax Return for an S corporation, Form 1120S, which was filed with the Internal Revenue Service on behalf of the S corporation. In that false return, it was reported that there was only one owner of TBI, and that the ordinary business loss for the S corporation for the calendar year was the sum of $13,535. This ordinary business loss flowed to Form K-1, which was to be provided to Individual A, and reported on his amended individual tax

return. In fact, as WILLIAM CAPUTO then and there knew, there were two owners/shareholders of TBI and the ordinary business income for TBI for the calendar year 2008 should have been $70,366, which is $83,901 in excess of the amount reported on the 2008 form 1120S. The ordinary business income of $70,366 should also have been allocated to the two owners on Form K-1 and reported on their 2008 individual income tax returns. The total amount of tax due and owing on the owner's tax returns is $24,766.

All in violation of Title 26, United States Code, Section 7201, and Title 18 United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
### (Income Tax Evasion)

1. During the calendar year 2009, WILLIAM CAPUTO agreed to maintain, and maintained books, records, receipts and other documents showing the income received and expenses incurred by himself and others on behalf of TBI. Additionally, WILLIAM CAPUTO made payments to both Individual A and Individual B, as well as to himself, on behalf of TBI.

2. Despite the knowledge of the ownership of TBI, and income and payments made on behalf of TBI, WILLIAM CAPUTO nevertheless provided false documentation to a tax return preparer, who used this false information to create the Income Tax return, Form 1120S, for TBI.

3. On or about April 15, 2010, in the Central District of Illinois and elsewhere,

**WILLIAM CAPUTO,**

defendant herein, who was the Secretary/Business Manager for Trophy Bowhunters of Illinois, Inc., an "S corporation," did willfully attempt to evade and defeat a large part of the income tax due and owing by the S corporation's shareholders to the United States of America for the calendar year 2009, by preparing and causing to be prepared, signing and by causing to be signed, a false and fraudulent U.S. Income Tax Return for an S corporation, Form 1120S, which was filed with the Internal Revenue Service on behalf of the S corporation. In that false return, it was reported that there was only one owner of TBI, and that the ordinary business loss for the S corporation for the calendar year was the sum of $14,097. This ordinary business loss flowed to Form K-1 which was to be provided to Individual A and reported on his individual tax return. In fact, as WILLIAM CAPUTO then and there knew, there were two owners/shareholders of TBI

and the ordinary business income for TBI for the calendar year 2009 should have been $35,242, which is $49,339 in excess of the amount reported on the 2009 form 1120S. The ordinary business income of $35,242 should also have been allocated to the two owners on Form K-1 and reported on their 2009 individual income tax returns. The total amount of tax due and owing on the owner's tax returns is $8,620.

All in violation of Title 26, United States Code, Section 7201, and Title 18 United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 4
### (Income Tax Evasion)

1.  During the calendar year 2010, WILLIAM CAPUTO agreed to maintain, and maintained books, records, receipts and other documents showing the income received and expenses incurred by himself and others on behalf of TBI. Additionally, WILLIAM CAPUTO made payments to both Individual A and Individual B, as well as to himself, on behalf of TBI.

2.  Despite the knowledge of the ownership of TBI, the income of TBI, and the payments made on behalf of TBI, WILLIAM CAPUTO nevertheless provided false documentation to a tax return preparer, who used this false information to create the income tax return, Form 1120S, for TBI.

3.  On or about April 15, 2011, in the Central District of Illinois and elsewhere,

**WILLIAM CAPUTO,**

defendant herein, who was the Secretary/Business Manager for Trophy Bowhunters of Illinois, Inc., an "S corporation," did willfully attempt to evade and defeat a large part of the income tax due and owing by the S corporation's shareholders to the United States of America for the calendar year 2010, by preparing and causing to be prepared, signing and by causing to be signed, a false and fraudulent U.S. Income Tax Return for an S corporation, Form 1120S, which was filed with the Internal Revenue Service on behalf of the S corporation. In that false return, it was reported that there was only one owner of TBI, and that the ordinary business loss for the S corporation for the calendar year was the sum of $1,006. This ordinary business loss flowed to Form K-1, which was to be provided to Individual A and reported on his individual tax return. In

fact, as WILLIAM CAPUTO then and there knew, there were two owners/shareholders of TBI and the ordinary business income for TBI for the calendar year 2010 should have been $75,708, which is $76,714 in excess of the amount reported on the 2010 form 1120S. The ordinary business income of $75,708 should also have been allocated to the two owners on Form K-1 and reported on their 2010 individual income tax returns. The total amount of tax due and owing on the owner's tax returns is $15,560.

All in violation of Title 26, United States Code, Section 7201, and Title 18 United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 5
### (Obstruction of a Criminal Investigation)

Beginning in or about June, 2011 and continuing thereafter up to and including April 1, 2013, in the Central District of Illinois, and elsewhere,

**WILLIAM CAPUTO,**

defendant herein, did corruptly endeavor to obstruct or impede a Grand Jury investigation, an official proceeding, by obstructing and impeding investigators' attempts to determine the taxes due from the owners/shareholders of Trophy Bowhunters of Illinois, Inc., by providing false information, submitting false documents and by withholding relevant documents;

All in violation of Title 18, United States Code, Section 1512(c)(2).

A True Bill.

s/ Foreperson

Foreperson

s/ Eric Long

for: JAMES A. LEWIS
UNITED STATES ATTORNEY

pdh